# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

**JOSH BIEBER,**
                        **Plaintiff,**

v.                                                                **Case No. 14-cv-0666**

**J. PETERMAN LEGAL GROUP LTD.,**
                        **Defendant.**
_____

## DECISION AND ORDER

Plaintiff Josh Bieber brings this action against defendant J. Peterman Legal Group Ltd., formerly Blommer Peterman SC, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. Before me now is defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6).[1]

When plaintiff's father passed away, he left his house to plaintiff but still owed money on the loan underlying the mortgage. In April 2012, defendant, on behalf of its client Bank of America, filed a foreclosure action in state court, later filing an amended complaint in September 2013. Both complaints named plaintiff as a party with an interest in the property and included a Fair Debt notice, but defendant did not seek a deficiency judgment against plaintiff. As part of the foreclosure action, the state court judge initially ordered a three-month redemption period and extended the redemption period to six months on April 4, 2014. Defendant sold the property on April 14, 2014 at a sheriff's sale and moved for

___

[1] Defendant attached several documents to its motion to dismiss, and plaintiff questions whether I may properly consider these documents under Rule 12(b)(6). All documents attached to the motion to dismiss are publicly-filed court documents, and I may take judicial notice of them without converting this into a summary judgment decision. *Menominee Indian Tribe v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998).

confirmation of the sale in May 2014. Plaintiff filed a motion for contempt, arguing that the sale violated the court-ordered redemption period but later stipulated that confirmation and sale of the property was valid. Plaintiff filed this action, alleging that certain actions taken by defendant in the foreclosure action violate the FDCPA.

To survive a Rule 12(b)(6) motion, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). I accept the complaint's factual allegations as true, but allegations in the form of legal conclusions are insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The FDCPA is concerned with regulating debt collection, as evidenced by the language of the statute. *See, e.g.*, §§ 1692c(a)–(b), 1692e, 1692g (targeting actions taken "in connection with the collection of any debt"); § 1692f (targeting actions taken "in order to collect any debt"); *see also Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 459–60 (6th Cir. 2013) ("The FDCPA speaks in terms of debt collection."); *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 384 (7th Cir. 2010). Only parties who regularly collect or attempt to collect debts are subject to its regulations. § 1692a(6). Thus, for the FDCPA to apply, plaintiff must allege facts sufficient to establish that: (1) defendant qualifies as a "debt collector" as defined in § 1692a(6); (2) the actions complained of were taken "in connection with the collection of any debt;" and (3) defendant's actions violated one or more substantive provisions of the FDCPA. *Gburek*, 614 F.3d at 384.

Defendant concedes that it is a "debt collector" under the FDCPA but asserts that the FDCPA does not apply here because a foreclosure action that does not seek a money judgment is not "collection of any debt" under the FDCPA. Citing several district court

2

cases which support its position, *see, e.g.*, *Boyd v. J.E. Robert Co.*, No. 05-CV-2455, 2013 WL 5436969 (E.D.N.Y. Sept. 27, 2013); *Rosado v. Taylor*, 324 F. Supp. 2d 917 (N.D. Ind. 2004), defendant argues that the statutory text supports this narrow interpretation of debt collection, relying primarily on the statutory definition of "debt collector" to derive the meaning of debt collection.

The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due," but it also states that "[f]or the purpose of section 1692f(6) of this title,[2] such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests." § 1692a(6). Defendant argues that this sentence functions to exclude enforcement of a security interest, like a mortgage, from the definition of debt collection under the FDCPA, with the exception of § 1692f(6). *See Gray v. Four Oaks Court Ass'n, Inc.*, 580 F. Supp. 2d 883, 887–88 (D. Minn. 2008) (stating that "the statute's definition of a 'debt collector' clearly reflects Congress's intent to distinguish between 'the collection of any debts' and 'the enforcement of security interests'" and concluding that the opposite interpretation would render the last sentence "surplusage because any business with a principle purpose of enforcing security interests would also have the principle purpose of collecting debts"). Defendant also argues that the FDCPA's

---

[2] Section 1692f(6) lists "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property" without a present right or intention to do so as an unfair or unconscionable means of collecting or attempting to collect debt.

3

purpose of protecting unsophisticated consumers supports this narrower interpretation of debt collection because foreclosure proceedings are highly regulated and court-controlled and additional protection is thus not needed. *See Derisme v. Hunt Leibert Jacobson P.C.*, 880 F. Supp. 2d 311, 327–28 (D. Conn. 2012).

I am more persuaded by the Sixth Circuit's broad interpretation of debt collection in *Glazer v. Chase Home Finance LLC*, which held that "mortgage foreclosure is debt collection under the Act." 704 F.3d 453, 455 (6th Cir. 2013).[3] First, the statutory text supports a broader, more inclusive interpretation. While the FDCPA does not define debt collection, it does define "debt" broadly to include both secured and unsecured loans. § 1692a(5); *Id*. at 460–61. The substantive provisions of the FDCPA also speak of debt collection in broad terms, "indicat[ing] that debt collection is performed through either 'communication,' § 1692c, 'conduct,' § 1692d, or 'means,' §§ 1692e, 1692f." *Id.* at 461. And the term "collect" debt means "to obtain payment or liquidation of it, either by personal solicitation or legal proceedings." *Black's Law Dictionary* 263 (6th ed. 1990); *see also Heintz v. Jenkins*, 514 U.S. 291, 294 (1995) (relying on this definition to conclude that "a lawyer who regularly tries to obtain payment of consumer debts through legal proceedings is a lawyer who regularly 'attempts' to 'collect' those consumer debts"). Despite the fact that defendant here did not seek a deficiency judgment against plaintiff in the foreclosure action, the foreclosure action itself was an attempt "to obtain payment" on the underlying

---

[3] The facts of *Glazer* are similar to this case; plaintiff in *Glazer* was not the debtor but had inherited the property, no deficiency judgment was sought against plaintiff in the foreclosure action, and plaintiff's FDCPA allegations included fraudulently concealing information in the foreclosure action and improperly scheduling the foreclosure sale.

4

debt. *Glazer*, 704 F.3d at 461, 463 ("There can be no serious doubt that the ultimate purpose of foreclosure is the payment of money.").

The definition of "debt collector" also supports the conclusion that debt collection includes enforcement of security interests. The sentence regarding enforcement of security interests "does not except from debt collection the enforcement of security interests; it simply makes clear that some persons who would be without the scope of the general definition are to be included where § 1692f(6) is concerned." *Id.* at 463. Thus, the sentence does not exclude enforcement of security interests from the ambit of the FDCPA, as defendant argues, but rather includes "certain persons under the Act (though for a limited purpose)" who otherwise fall outside the FDCPA's scope because they do not meet the general definition of a "debt collector." *Id.* The purpose of the FDCPA also supports this broader, more inclusive interpretation of debt collection. *See* § 1692(e) ("It is the purpose of [the FDCPA] to eliminate abusive debt collection practices by debt collectors."); S. Rep. No. 382, 95th Cong., 1st Sess. 1, *reprinted in* 1977 U.S.C.C.A.N. 1695, 1696 ("[The FDCPA] "prohibits in general terms any harassing, unfair, or deceptive collection practice. This will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed.").

Although the Seventh Circuit has not addressed this issue, this interpretation is supported by the circuit courts that have examined similar issues. *Glazer*, 704 F.3d. at 455 (holding that "mortgage foreclosure is debt collection" under the FDCPA); *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1217–18 (11th Cir. 2012) (concluding that "[a] debt is still a 'debt' even if it is secured" and that non-judicial foreclosure actions

5

constitute debt collection under the FDCPA); *Wilson v. Draper & Goldberg, P.L.L.C.*, 443 F.3d 373, 376 (4th Cir. 2006) (rejecting the argument that debt ceases to be "debt" under the FDCPA once foreclosure proceedings begin and holding that defendant's "actions surrounding the foreclosure proceeding were attempts to collect that debt"); *Kaltenbach v. Richards*, 464 F.3d 524, 529 (5th Cir. 2006) (concluding that "a party who satisfies § 1692a(6)'s general definition of a 'debt collector' is a debt collector for the purposes of the entire FDCPA even when enforcing security interests"); *Piper v. Portnoff Law Assocs., Ltd.*, 396 F.3d 227, 234 (3d Cir. 2005) (concluding that filing of a suit to enforce a lien on plaintiff's property constitutes debt collection under the FDCPA). The Federal Trade Commission, the agency responsible for enforcing the FDCPA, has also suggested that the entire FDCPA applies to parties enforcing security interests as long as they also meet the general definition of a "debt collector" under § 1692a(6). *See* Statements of General Policy or Interpretation Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097 (1988) (Dec. 13, 1988) ("Because the FDCPA's definition of 'debt collection' includes parties whose principal business is enforcing security interests only for [§ 1692f(6)] purposes, such parties (if they do not otherwise fall within the definition) are subject only to this provision and not the rest of the FDCPA.").

Thus, I conclude that despite the fact that defendant did not seek a money judgment against plaintiff, the foreclosure action still constituted debt collection under the FDCPA. Because defendant concedes that it meets the general statutory definition of "debt collector" and the foreclosure actions constitutes "debt collection," plaintiff's complaint has adequately pled these two elements.

Defendant also argues that plaintiff's complaint fails to indicate how the foreclosure

action violated the FDCPA. I disagree. The amended complaint alleges that defendant included with the amended foreclosure complaint a Fair Debt notice that would lead an unsophisticated consumer to believe that he might be responsible for paying the debt referenced in the complaint; sold the property, moved for confirmation of the sale, and requested a writ of restitution illegally; and misrepresented to the state court and to buyers at the sheriff's sale that the property was legally able to be sold.[4] At this stage, this is sufficient to allege FDCPA violations. *See, e.g.*, §§ 1692e ("A debtor may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt," including the "false representation of the character, amount, or legal status of any debt" and the "threat to take any action that cannot legally be taken or that is not intended to be taken."); 1692f ("A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.").[5]

---

[4] All of these actions, which allegedly took place in September of 2013 and April through May of 2014, appear to be within the FDCPA's one-year state of limitations. *See* § 1692k(d).

[5] Within its argument that defendant has not indicated how their actions within the foreclosure proceedings violated the FDCPA, defendant briefly argues that "both Plaintiff and the [state court] agreed that the original sheriff's sale was valid. How can a valid sheriff's sale form the basis of an FDCPA claim? It cannot." Def.'s Reply Br. at 6 (ECF No. 14). This seems to be a separate argument from defendant's argument that the complaint does not state facts sufficient to allege substantive FDCPA violations. I find that any argument that plaintiff's stipulation to the validity of the sale and the state court's confirmation of the sale somehow preclude plaintiff from bringing FDCPA claims is not ripe for decision. Defendant's argument focuses on the parties' actions and knowledge of events in the state court proceeding, which at this point are factual allegations not appropriately resolved on a motion to dismiss, and defendant cites no case law to support its argument. *Butler v. Ill. Dep't of Transp.*, 533 F. Supp. 2d 821, 825 n.1 (N.D. Ill. 2008) ("Undeveloped, perfunctory arguments not supported by relevant legal authority are waived." (internal quotations and citation omitted)).

**THEREFORE, IT IS ORDERED** that defendant's motions to dismiss (ECF Nos. 3, 13) are **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to withdraw (ECF No. 11) is **GRANTED**.

**IT IS FURTHER ORDERED** that a telephonic Fed. R. Civ. P. 16(b) scheduling conference will be held on **July 1, 2015 at 10:30 a.m.** The court will initiate the call. The participation of the attorney who will be handling the case is required, and the name and telephone number should be noted in the Rule 26(f) report.

The parties should note Fed. R. Civ. P. 26(f), which requires that they confer with each other at least 21 days before the Rule 16(b) scheduling conference and file a written report of their proposed discovery plan within 14 days after their Rule 26(f) conference. The first paragraph of the joint Rule 26(f) report should state the date and time given above for the Rule 16(b) scheduling conference. The parties should also note Rule 26(a)(1), which requires (unless they agree otherwise) that they make their initial disclosures to each other within 14 days after their Rule 26(f) conference.

Dated at Milwaukee, Wisconsin, this 15th day of May, 2015.

                                              s/ Lynn Adelman
                                              _____
                                              LYNN ADELMAN
                                              District Judge